UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF HEALTH ) <br> AND HUMAN SERVICES, ) <br> ) <br> Defendant. ) <br> ) | Case No. 24-cv-1661 (APM) |

### ORDER

### I.

The court has fully considered the parties' cross-motions for summary judgment, and it agrees with Plaintiff Center for Immigration Studies that Defendant Department of Health and Human Services failed to conduct an adequate search.

Plaintiff asked Defendant to disclose the following: "The zip code for each sponsor associated with each unaccompanied alien child that the agency could not reach after its 'safety and wellbeing call', since January 1, 2021 through the date of the search." Def.'s Mot. for Summ. J., ECF No. 13 [hereinafter Def.'s Mot.], Ex. 1, ECF No. 13-2 [hereinafter FOIA Request], at 1. Plaintiff identified as "[i]nformation helpful to fulfilling the request" a story in the New York Times reporting that Defendant had been unable contact over 85,000 such children. *Id.* The request added that the zip codes would "provide the public, including law and policy makers, with the information to know whether there are any *themes and trends* regarding the *frequency and geographic locations* of the more than 85,000 'missing' [unaccompanied alien children]." *Id.* at 5 (emphasis added). That information also would help "identify which communities have been

*most affected* which could result in better resource management, as well as more direct and localized policy changes and oversight." *Id.* at 5–6 (emphasis added).

The D.C. Circuit has long held that an agency "has a duty to construe a FOIA request liberally." *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (citations omitted). When a "request is reasonably susceptible to the broader reading," the agency should take that approach, even if the request "is not a model of clarity." *LaCedra v. Exec. Off. for U.S. Att'ys*, 317 F.3d 345, 348 (D.C. Cir. 2003). A narrow interpretation will be "lawful only if the agency is truly not 'able to determine precisely what records were being requested.'" *Inst. for Just. v. IRS*, 941 F.3d 567, 572 (D.C. Cir. 2019) (cleaned up).

Defendant's search was not consistent with these principles. The plain text of the request, plus the additional "helpful" information, reasonably conveyed that Plaintiff sought the zip code of *every* sponsor associated with a "missing" unaccompanied alien child. With over 85,000 potentially "missing" children, Defendant should have produced a list of tens of thousands zip codes, including the same zip code multiple times when more than one child potentially resided within that area. But that is not what it did. Instead, the agency disclosed a list of 8,650 non-duplicative zip codes in which at least one unaccompanied alien child could be found. Decl. of Celeste Smith, ECF No. 13-1 [hereinafter Smith Decl.], ¶ 12. That list did not provide the "zip code for each sponsor associated with each unaccompanied child." FOIA Request at 1. Nor did it enable Plaintiff to determine the "frequency and geographic locations" of the children or the "communities . . . most affected." *Id*. at 5. Defendant's search was inadequate because it failed to "liberally" construe Plaintiff's request.

Defendant acknowledges that Plaintiff provided "additional gloss" to define the scope of the request, but it nevertheless contends that its interpretation was consistent with the "four corners

2

of the request." Def.'s Mem. in Support of Def.'s Mot., ECF No. 13 [hereinafter Def.'s Mem.], at 6 (quoting *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996)). The argument seems to be that Defendant could ignore the "additional gloss" because it was not part of the two paragraphs of bolded text at the start of the request. *See* FOIA Request at 1. But that position takes too narrow a view of its statutory obligations. This is not a case that required the agency to go beyond the request's "four corners" to understand what Plaintiff sought—the additional explanatory "gloss" was within the request itself. *See id.* at 5–6. Thus, this case is not like *Kowalczyk*, where "the request never mentioned, and contained no clues suggesting, a location that the requester later claimed was a likely site for documents he sought (the FBI's New York office)." *Inst. for Just. v.*, 941 F.3d at 572 (citing *Kowalczyk*, 73 F.3d at 389). Plaintiff's request required no similar guesswork.

## II.

Defendant offers a secondary argument. It maintains that "[e]ven if the Department's reading of the Request is determined to be incorrect, the agency cannot release additional information without violating the privacy interests of minor children at issue." Def.'s Mem. at 7. Defendant says that, because of these privacy concerns, it would not have produced a list of all individual, non-unique zip codes, but instead would have "issued a response consisting of a spreadsheet(s) with (1) unredacted sponsor zip codes corresponding to locations where there are 50 or more unaccompanied children released and (2) redactions of sponsor zip codes under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), where the zip codes correspond to locations where there are 49 or fewer unaccompanied children released." Smith Decl. ¶ 21. Defendant points to its own internal "practice" to justify such a truncated response. *Id.* ¶ 25.

3

The court need not address Defendant's invocation of Exemption 6, at this point, because it is only hypothetical. It is not how Defendant responded, and it remains to be seen whether Defendant will do so on remand.

That said, if Defendant does ultimately apply its privacy threshold cut-off,[1] its justification for doing so will have to be far more robust than what it has offered so far. The present declaration provides only the most cursory explanation for how disclosing zip codes that recur fewer than 50 times might lead to an invasion of privacy. *See* Smith Decl. ¶¶ 25–26. According to the declarant, "[a]ny personally identifiable sponsor or child data obtained through other sources (e.g., FOIA requests, etc.) increases the risk of identifying a child when the data is combined with a sponsor's county of residence. This includes sponsor and child data such as country of origin, sponsor zip code, sponsor relationship, sponsor category, age, and gender." *Id.* ¶ 26. That rationale leaves much unexplained. It assumes that non-zip code data particularized to a sponsor or child could be linked to zip code data to facilitate identification. But the agency does not explain how such linkage would be possible when the released zip codes presumably would be anonymized. Further, the declarant does not explain why 50 is the proper threshold to protect privacy, except to say that it is the same threshold used by Defendant when disclosing protected health information. *Id.* ¶ 27. Yet, the declarant offers no reason why that same threshold would be appropriate in the context of FOIA, where privacy concerns must be balanced against the public's interest in disclosure. Finally, contrary to what the declarant concluded, *id.* ¶ 33, there is at least some public interest in the requested information, as it bears on the agency's performance of its duties, *id.* ¶ 9; FOIA Request at 5–6. Any invocation of Exemption 6 will have to take such public interest into account.

---

[1] *See, e.g.,* https://en.wikipedia.org/wiki/K-anonymity (last visited July 1, 2025).

Thus, as it stands, the declaration does not establish the applicability of Exemption 6 to a subset of zip code information.[2]

### III.

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied, ECF No. 13, and Plaintiff's Motion for Summary Judgment, ECF No. 15, is granted insofar as it contends that Defendant conducted an inadequate search. This matter is hereby remanded to Defendant for further proceedings consistent with this Order. The parties shall file a Joint Status Report by August 1, 2025, which updates the court on the status of this case.

Dated: July 3, 2025

Amit P. Mehta
United States District Judge

---

[2] The court does not take up Defendant's related contention that, having now disclosed 8,650 unique zip codes, it is no longer able to disclose the zip code associated with every sponsor because to do so would "allow[ ] for the identification of the specific location of unaccompanied children and their sponsors." Smith Decl. ¶ 22. This privacy contention is likewise underdeveloped.