**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CENTER FOR IMMIGRATION STUDIES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>**Defendant.** | ) | **Case No. 24-cv-1661 (APM)** |

**ORDER**

The sole remaining question in this Freedom of Information Act (FOIA) action is the propriety of Defendant's categorical withholding of certain zip codes into which an unaccompanied alien child ("UAC") was released to a sponsor but later deemed a loss of contact after an unsuccessful "safety and wellbeing call." *See generally* Def.'s Renewed Mot. for Summ. J., ECF No. 29 [hereinafter Def.'s Mot.]; Pl.'s Second Cross-Mot. for Summ. J., ECF No. 31, Pl.'s Mem. of P. & A. in Supp. of Pl.'s Second Cross-Mot. for Summ. J. and Opp'n to Def.'s Mot., ECF No. 31-1 [hereinafter Pl.'s Mot.].[1] The Office of Refugee Resettlement (ORR) produced a two-column spreadsheet containing a list of 8,651 unique zip codes and the corresponding number of UACs deemed a loss of contact within each zip code since January 2021. *See* Decl. of Brandon Lancey, ECF No. 29-1 [hereafter First Lancey Decl.], ¶¶ 6, 17. It did not, however, disclose all 8,651 zip codes. Instead, invoking Exemption 6, ORR withheld all zip codes in which 49 or fewer such UACs might be located. *Id.* ¶ 18. ORR justified that decision on the

[1] After an exceedingly confusing back-and-forth about whether Defendant in fact produced the requested information, *see* Pl.'s Mot. at 9–10; Def.'s Combined Reply in Supp. of Def.'s Mot. and in Opp'n to Pl.'s Mot., ECF No. 35, at 5–8, there is now no dispute that it did, *see* Pl.'s Reply in Further Supp. of Pl.'s Mot., ECF No. 37, at 4 ("Plaintiff no longer challenges the adequacy of Defendant's search.").

grounds that knowledge of those zip codes, when combined with other publicly available information, "increased [the] risk" that loss-of-contact UACs residing there "could be re-identified." *Id.* ¶¶ 21, 26. The agency also concluded that the UACs' privacy interests in the zip code data outweigh the public's interests in that information. *See id.* ¶¶ 33–36. The 49-or-fewer cut-off had a substantial winnowing effect: it caused ORR to redact 8,157 unique zip codes, or 94% of them. *See* Def.'s Combined Reply in Supp. of Def.'s Mot. and in Opp'n to Pl.'s Mot., ECF No. 35, at 9.

For its part, Plaintiff acknowledges that in "rare instance[s]," withholding of UAC zip code information might be warranted, such as "where a responsive zip code contained an extremely small population (e.g., 'two residents')." Pl.'s Mot. at 13. But ORR's withholdings were too numerous and indiscriminate. Plaintiff submits that, logically, the larger the population, the lesser the risk of re-identification. But it protests that ORR's cut-off was based not on the size of the population, but the number of loss-of-contact UACs within a zip code. *See id.* at 14. That categorical withholding, it says, was improper.

The court generally agrees. In cases such as this one, where the risk to privacy interests results from combining disclosed information and otherwise available information, the Exemption 6 inquiry turns on the probability the risk will manifest. The question is whether "there is a substantial probability that the disclosure will lead to the threatened invasion." *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 878 (D.C. Cir. 1989); *see also Dep't of Air Force v. Rose*, 425 U.S. 352, 380 n.19 (1976) ("Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities."). "Where there is a substantial probability that disclosure will cause an interference with personal privacy, it matters not that there may be two or three links in the causal chain." *Horner*, 879 F.2d at 878. On the other hand, where there is "no substantial

likelihood that any concrete facts about a particular individual could be inferred," Exemption 6 does not apply. *Id.*

Here, Defendant has not sufficiently explained how the release of *every* zip code in which 49 or fewer loss-of-contact UACs reside creates a "substantial probability" or "substantial likelihood" that any one UAC in a withheld zip code will be identifiable. Defendant at most describes *how* a bad actor could identify a UAC with zip code information. *See* First Lancey Decl. ¶¶ 23–27; Suppl. Decl. of Brandon Lancey, ECF No. 36-2, ¶ 18. But it does not explain why 49 UACs is the proper cut-off. And there is reason to doubt the selection. Defendant acknowledges that the *median* population of a withheld zip code was 21,831 people. First Lancey Decl. ¶ 27. ORR withheld 8,157 zip codes. Therefore, the largest of the undisclosed zip codes is likely where hundreds of thousands live. The agency does not explain how disclosure of a zip code containing such a large population presents the same "substantial" risk of re-identification as the 160 withheld zip codes containing fewer than 1,000 residents. *Id.* To be sure, an agency is permitted to make withholdings on a categorical basis. *See Am. Immigr. Laws. Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 675 (D.C. Cir. 2016). But in such instance, "the range of circumstances included in a category must characteristically support an inference that the statutory requirements for exemption are satisfied." *Id.* (cleaned up). Defendant has not carried its burden. The court therefore denies Defendant's motion.

The court also denies Plaintiff's motion. Plaintiff seeks an injunction requiring ORR to release "all zip codes [the court] determined are not reasonably subject to Exemption 6 or FOIA's foreseeable harm standard—based on the entire record—and enable the parties to determine if the remaining zip codes are worth disputing in further briefs." Pl.'s Reply at 22. The court will not grant such amorphous relief.

For the foregoing reasons, the parties' motions, ECF Nos. 29, 31, are denied. The parties shall appear for a remote status conference on September 9, 2026, at 10:15 AM to discuss next steps.

Dated: August 27, 2026

Amit P. Mehta
United States District Judge